**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

CRYSTALIA GLASS LLC,

                      Plaintiff,

     v.

ACG GLASS & METALS LLC, FORMERLY
KNOWN AS A CRYSTAL GLASS & MIRROR
LLC,

                 Defendant.
_____

Civil Action No. 1:25-cv-6849-CBA-SDE

**MEMORANDUM OF LAW IN SUPPORT OF**
**ACG GLASS & METALS LLC'S MOTION TO DISMISS**

**Table of Contents**                                                         **Page**

I.     INTRODUCTION…………………………………………….……….....1

II.    PRELIMINARY STATEMENT………………………………….………..1

III.   STATEMENT OF RELEVANT FACTS………………………….…….1

IV.    LEGAL STANDARD……………………………………………….......4

V.     ARGUMENT…………………………………………………….....6

    A. This Court Lacks Personal Jurisdiction Over Defendant Under New York's Long
    Arm Statute…………………………………………………………..6

       i. Defendant is Not Subject to Personal Jurisdiction Under NY CPLR §
       302(a)(1) – Transacting Business Within New York………………….7

       ii. Defendant is Not Subject to Personal Jurisdiction Under NY CPLR §
       302(a)(3) – Tort Outside New York Causing Injury Inside New York..9

    B. This Court's Exercise of Personal Jurisdiction Over Defendant Would Violate Due
    Process………………………………………………………………...12

       i. The "Minimum Contacts" Prong of the Due Process Analysis is Not
       Satisfied……………………………………..………………..12

       ii. The Reasonableness Prong of the Due Process Analysis is Not
       Satisfied…………………………………………………………....14

VI.    CONCLUSION…………………………………………………….....16

**Table of Authorities**

**Cases**                                                              **Page(s)**

*Adwar Casting Co. v. Star Gems*, *Inc*.,
342 F. Supp. 3d 297 (E.D.N.Y. 2018)……………………………………………... 10

*Asahi Metal Indus. Co. v. Superior Court of Cal.*,
480 U.S. 102 (1987)………………………………………………………………… 14

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
171 F.3d 779 (2d Cir. 1999)……………………………………………………….. 6

*C.A., Inc. v. Stonebranch, Inc*.,
No. 12-CV-5988 (SJF), 2014 U.S. Dist. LEXIS 160951 (E.D.N.Y. 2014).................. 7

*Charles Schwab Corp. v. Bank of Am. Corp*.,
883 F.3d 68 (2d Cir. 2018)………………………………………………………… 12

*Chloe v. Queen Bee of Beverly Hills, LLC*,
616 F.3d 158 (2d Cir. 2010)…………………………………………………4, 12, 14

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)………………………………………………………………... 13

*DirecTV Latin Am., LLC v. Park 610*, LLC,
691 F. Supp. 2d 405 (S.D.N.Y. 2010)…………………………………………… 6

*Doe v. Del. State Police*,
939 F. Supp. 2d 313 (S.D.N.Y. 2013)…………………………………………… 4

*Fashion TV LLC v. APT Satellite Co*.,
2018 U.S. Dist. LEXIS 153890 (S.D.N.Y. Sep. 10, 2018)……………………… 10

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*.,
141 S. Ct. 1017 (2021)………………………………………………………… 12, 13

*Freeplay Music, Inc. v. Cox Radio, Inc*.,
2005 U.S. Dist. LEXIS 12397 (S.D.N.Y. June 22, 2005)……………………… 10

*Freeplay Music, LLC v. Nian Infosolutions Private Ltd*.,
2018 U.S. Dist. LEXIS 115659 (S.D.N.Y. July 10, 2018)……………………… 9

*Gap, Inc. v. Stone Int'l Trading*,
*1994 U.S. Dist. LEXIS 16999* (S.D.N.Y. Nov. 30, 1994)……………………... 10

*Gmurzynska v. Hutton*,
355 F.3d 206 (2d Cir. 2004)………………………………………………………… 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)………………………………………………………………… 13

*Hanson v. Denckla*,
357 U.S. 235 (1958)……………………………………………………………… 11, 13

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd*.,
763 F.2d 55 (2d Cir. 1985)………………………………………………………… 7

*Holness v. Maritime Overseas Corp*.,
251 A.D.2d 220 (1998)…………………………………………………………… 8

*Hutton v. Priddy's Auction Galleries, Inc*.,
275 F. Supp. 2d 428 (S.D.N.Y. 2003)…………………………………………… 6

**Cases**                                                                                          **Page(s)**

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945)……………………………………………......…12, 14

*Jazini by Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998)…………………………………………….. 4, 5

*Jewell v. Music Lifeboat*,
   254 F. Supp. 3d 410 (E.D.N.Y. 2017)…………………………………………… 10

*Kronisch v. United States*,
   150 F.3d 112 (2d Cir. 1998)…………………………………………………….. 5

*Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*,
   918 F.2d 1039 (2d Cir. 1990)……………………………………………………. 8

*Licci v. Lebanese Canadian Bank, SAL*,
   673 F.3d 50 (2d Cir. 2012)……………………………………………… 12, 14

*Marvel Characters, Inc. v. Kirby*,
   726 F.3d 119 (2d Cir. 2013)…………………………………………….. 5

*McKee Electric Co. v. Rauland-Borg Corp.*,
   20 N.Y.2d 377 (1967)……………………………………………………… 6

*Murdock v. Arenson Int'l USA, Inc.*,
   157 A.D.2d 110 (N.Y. App. Div. 1990)……………………………………… 11

*New England Laminates Co. v. Murphy*,
   79 Misc. 2d 1025 (1974)…………………………………………………… 8

*Penguin Group (USA) Inc. v. Am. Buddha*,
   609 F.3d 30 (2d Cir. 2010)……………………………………………… 4

*Plunket v. Estate of Conan Doyle*, No. 99 Civ. 11006(KMW),
   2001 U.S. Dist. LEXIS 2001 (S.D.N.Y. Feb. 22, 2001)...........................……..9, 14

*Robinson v. Overseas Military Sales Corp.*,
   21 F.3d 502 (2d Cir. 1994)…………………………………………………… 5

*Shelbourne Glob. Sols., LLC v. Gutnicki LLP*,
   658 F. Supp. 3d 104 (E.D.N.Y. 2023)…………………………………… 10, 11

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
   750 F.3d 221 (2d Cir. 2014), cert. denied, 573 U.S. 948 (2014)……………………… 5

*Stewart v. Vista Point Verlag*,
   2000 U.S. Dist. LEXIS 14236 (S.D.N.Y. Sep. 29, 2000)……………………………. 11

*Troma Entm't, Inc. v. Centennial Pictures Inc.*,
   729 F.3d 215 (2d Cir. 2013)…………………………………………….. 4, 9

*Verragio, Ltd. v. Malakan Diamond Co.*,
   2016 U.S. Dist. LEXIS 150689 (S.D.N.Y. Oct. 20, 2016)…………………………. 10

*Walden v. Fiore*,
   571 U.S. 277 (2014)……………………………………………………… 13

*Zibiz Corp. v. FCN Tech. Solutions*,
   777 F. Supp. 2d 408 (E.D.N.Y. 2011)……………………………………………… 8

*Ziegler, Ziegler & Assocs. LLP v. China Digital Media Corp.*,
   2010 U.S. Dist. LEXIS 84506 (S.D.N.Y. July 12, 2010)……………………….. 9

| **Statute/Rule** | **Page(s)** |
|---|---|
| NY CLS CPLR § 302(a)(1)………………………………………………………5, 6, 7, 9, 12 |  |
| NY CLS CPLR § 302(a)(3)………………………………………………………6, 9, 11, 12 |  |
| Fed R. Civ. P. 12(b)(2)…………………………………………………………1, 4, 16 |  |

## I.      INTRODUCTION

Defendant ACG Glass & Metals LLC ("ACG" or "Defendant") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff Crystalia Glass LLLC's ("Plaintiff") Complaint for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff alleges federal trademark infringement and false designation of origin, federal copyright infringement, and related state and common law claims. As illustrated herein and without addressing substantive deficiencies, these claims are not properly before this Court.

## II.     PRELIMINARY STATEMENT

There is no basis for asserting personal jurisdiction over ACG by this Court. Plaintiff has alleged no legal basis, nor conduct of ACG, a Florida limited liability company with no ties to New York, which would subject ACG to personal jurisdiction in New York. Plaintiff merely and conclusively alleges (1) that ACG's website, which is accessible anywhere the Internet is available, is accessible in markets where Plaintiff maintains showrooms; and (2) that the use of an allegedly confusing trademark by ACG has caused Plaintiff injury in New York.  Because these threadbare allegations are insufficient to establish personal jurisdiction in New York, ACG respectfully moves to dismiss the Complaint [ECF 1].

## III.    STATEMENT OF RELEVANT FACTS

ACG is a Florida limited liability company that has provided glass and mirror installations to customers located within its, very limited, service area in Southeast Florida. As illustrated on ACG's website (*see* https://acrystalglass.com/services-area/ and below rendering of the same), ACG provides services only within Miami-Dade, Broward, Palm Beach, Martin and St. Lucie Counties, in South Florida.



As stated in the accompanying declaration of ACG's principal, Juan Martinez ("Martinez Decl."), ACG has virtually no ties to the State of New York, much less to this District. The Complaint does not provide any of this information. It does not even allege a specific statutory basis (Federal or state) for jurisdiction by this Court over ACG. The Complaint only includes the following threadbare and conclusory allegations to supposedly establish that there are sufficient contacts between ACG and New York for personal jurisdiction (emphasis added):

> This Court has personal jurisdiction over Defendant because, <u>upon information and belief</u>, Defendant transacts business within the State of New York, operates a commercial website through which it offers goods and services to consumers located in this District, and has committed acts of infringement and unfair competition causing injury to Plaintiff and its goodwill within this District.

-2-

Defendant … has used a confusingly similar business name, "A Crystal Glass & Mirror", and has copied and displayed Plaintiff's copyrighted materials on its commercial website to promote identical glass-installation services, thereby creating a false impression of affiliation or endorsement.

Defendant operates the website www.acrystalglass.com to advertise and solicit business throughout the United States, including New York, California, Illinois, Texas, and Florida, the same markets where Crystalia maintains showrooms. The website promotes and offers glass fabrication and installation services that directly compete with Crystalia's offerings.

Defendant's use of the confusingly similar designation "A Crystal Glass & Mirror" in its advertising and promotional materials has caused and is likely to continue causing confusion among consumers in New York and other states as to the source and affiliation of Defendant's goods and services.

ECF 1, ¶¶ 7, 3, 22, 25. There are no other allegations that in any way touch upon ACG's contacts, or lack thereof, with the State of New York, or any allegedly tortious acts undertaken by ACG that took place in New York.

On the other hand, as set forth in the Martinez Declaration:

- Defendant is a limited liability company organized and existing only under the laws of the State of Florida. Martinez Decl. ¶ 4.

- Defendant's sole place of business is in Florida. *Id*. at ¶ 5.

- Defendant is not registered to conduct business in New York, and has not designated an in-state agent for service of process in New York. *Id*. at ¶ 6.

- Defendant does not have an office or agency in New York, and its only office is in Florida. *Id*. at ¶¶ 7, 8.

- Defendant does not engage in any solicitation or service activities in the State of New York and has not specifically targeted New York or New York residents in advertising or marketing for any service or product, including services or products identified by the mark "A Crystal Glass & Mirror." *Id*. at ¶¶ 9, 10.

- Defendant does not have a bank account, mailing address, or telephone listing in New York. *Id*. at ¶¶ 11, 12, 13.

- Defendant does not own, rent, or lease real estate in New York. *Id*. at ¶ 14.

- Defendant has no employees or agents in New York and has no on-going contractual relationship with a New York entity. *Id*. at ¶¶ 15, 16.

- Defendant does not engage in advertising or public relations work in New York. *Id*. at ¶ 17.

- Defendant does not operate, conduct, engage in, or carry on any business or business venture in New York. *Id*. at ¶ 18.

- All of the physical corporate records of Defendant are located in Florida. *Id*. at ¶ 19.

- Defendant conducts no activities within the State of New York. *Id*. at ¶ 20.

In other words, the contacts between ACG and the State of New York are virtually non-existent.

## IV.    LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(2), Plaintiff bears the burden of demonstrating personal jurisdiction over the Defendant. *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010) (internal quotation marks omitted). This prima facie showing "must include an averment of facts that, if credited [by the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks omitted). Conclusory non-fact specific jurisdictional allegations are not sufficient to meet a prima facie case of jurisdiction and thus subject the defendant to discovery. *See Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d. Cir. 1998). It is axiomatic that "[c]onclusory allegations are not enough to establish personal jurisdiction." *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y 2003), aff'd, 355 F.3d 206 (2d Cir. 2004) (internal quotation marks and citation omitted); *see Doe v. Del. State Police*, 939 F. Supp. 2d 313, 332 (S.D.N.Y. 2013) (collecting cases) ("courts have regularly held

that a plaintiff asserting jurisdiction must tender specific allegations about the defendant's contacts with the forum state").

"In determining whether a plaintiff has met this burden, [the Court] will not draw argumentative inferences in the plaintiff's favor." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (internal quotation marks and citation omitted). Further, the Court need not "accept as true a legal conclusion couched as a factual allegation." *Jazini by Jazini,* 148 F.3d at 185 (internal quotation marks and citation omitted).

In considering challenges to personal jurisdiction, a court may consider evidence extrinsic to the pleadings, such as affidavits. *See Kronisch v. United States*, 150 F.3d 112, 130-31 (2d Cir. 1998).

Courts assessing a motion to dismiss for personal jurisdiction first analyze whether there is "a statutory basis for exercising personal jurisdiction." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013). Although Plaintiff did not allege a statutory basis for personal jurisdiction in its Complaint, it is expected that Plaintiff will seek to rely on the New York Long Arm statute, which confers upon courts in New York jurisdiction over a defendant that "transacts any business within the state or contracts anywhere to supply goods or services in the state;" or "commits a tortious act without the state causing injury to a person or property within the state . . . if [it] . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." *See* CPLR § 302(a)(1), (3)(ii); *see also* ECF 1, ¶ 7. If a Court finds there is a statutory basis for jurisdiction, it must then determine whether its exercise of jurisdiction comports with due process under the U.S. Constitution. *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (*per curiam*), *cert. denied*, 573 U.S. 948 (2014). In other words, even when there is a proper statutory basis for

personal jurisdiction under state law, personal jurisdiction cannot be established unless its exercise also passes Constitutional muster.

## V.     ARGUMENT

Under the allegations presently before this Court, Plaintiff fails both prongs of the above-referenced test. To wit, there is no basis for personal jurisdiction under either New York's Long Arm Statute or due process under the Constitution.

### A.  This Court Lacks Personal Jurisdiction Over Defendant Under New York's Long Arm Statute.

Under New York's Long Arm Statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state." CPLR § 302(a)(1). Additionally, personal jurisdiction may be exercised over certain foreign entities that commit tortious acts causing injury in New York. *See* CPLR § 302(a)(3)(ii). "While the defendant 'need not be physically present' in the state for a court to exercise *in personam* jurisdiction, 'there must be some transaction attributable to the one sought to be held *which occurs in New York.*'" *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 417 (S.D.N.Y. 2010) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787-88 (2d Cir. 1999) (citing *Ferrante Equip. Co. v. LaskerGoldman Corp.*, 26 N.Y.2d 280, 284 (1970)) (emphasis in original). "New York courts have cautioned . . . that 'defendants, as a rule, should be subject to suit where they are normally found, that is, at their pre-eminent headquarters, or where they conduct substantial business activities.'" *Hutton v. Priddy's Auction Galleries*, 275 F. Supp. 2d 428, 439 (S.D.N.Y. 2003) (citing *McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 383, (1967)). "Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact." *Id.*

i.     **Defendant is Not Subject to Personal Jurisdiction Under NY CPLR § 302(a)(1) – Transacting Business Within New York**

To determine whether a defendant is "transacting business" in New York for purposes of CPLR § 302(a)(1), "courts traditionally focus on: (1) the existence of an office in New York; (2) the solicitation of business in the state; (3) the presence of bank accounts and other property in the state; and (4) the presence of employees or agents in New York." *C.A., Inc. v. Stonebranch, Inc.*, No. 12-CV -5988 (SJF), 2014 U.S. Dist. LEXIS 160951, at *7-8 (E.D.N.Y. Nov. 17, 2014) (cleaned up) (citing *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985)).

The Complaint baldly alleges that "*upon information and belief*, Defendant transacts business within the State of New York[]" and "operates a commercial website through which it offers goods and services to consumers located in this District[.]" ECF 1, ¶ 7 (emphasis added). Both allegations based on "information and belief" are plainly false. The Complaint contains no other factual allegations concerning Defendant's business contacts with New York, or any other contacts for that matter.

Here, Defendant's place of incorporation and principal place of business are both in Florida, not New York. Martinez Decl. ¶ 5. Defendant is not registered to conduct business in New York. *Id.* at ¶ 6. Defendant's only office is in Florida. *Id.* at ¶ 7. Defendant does not have an office or agency in New York. *Id.* at ¶ 8.

Defendant does not engage in any solicitation or service activities in the State of New York and does not target New York consumers. *Id*. ¶ 9. Defendant has not specifically targeted New York or New York residents in advertising or marketing for any service or product offered by Defendant. *Id*. ¶ 10. Defendant does not engage in advertising or public relations work in New York. *Id*. ¶ 17.

-7-

Defendant does not have a bank account in New York and does not own, rent or lease real property in New York. *Id.* at ¶ 11, 14. Defendant has no mailing address in New York. *Id.* at ¶ 12.

Defendant has no employees or agents in New York. *Id.* at ¶ 15. Defendant has no on-going contractual relationship with a New York entity. *Id.* at ¶ 16.

Defendant does not operate, conduct, engage in, or carry on any business or business venture in New York. *Id.* at ¶ 18. Defendant conducts no activities within the State of New York. *Id.* at ¶ 20. Even the Defendant's website referenced in the Complaint expressly limits Defendant's service areas to South Florida. *See* <https://acrystalglass.com/services-area/>; Martinez Decl. ¶ 7.

Moreover, numerous courts in New York have found that they could not exercise personal jurisdiction even over defendants who had substantially more contact with the forum than ACG's contacts as alleged in the Complaint. *See, e.g.,* *Holness v. Maritime Overseas Corp.*, 676 N.Y.S.2d 540 (1998) (finding no jurisdiction over foreign company whose only contacts with New York are advertising and marketing activities done on its behalf and occasional visits by company representatives); *New England Laminates Co. v. Murphy*, 362 N.Y.S.2d 730, 733, 1027 (1974) (finding no personal jurisdiction where defendant advertised in New York, shipped goods to New York buyers, and maintained two employees in-State, but contracts had to be approved by main office in California and only 4% of defendant's business was from New York); *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1042 (2nd Cir. 1990) (finding no personal jurisdiction over foreign company whose employees made thirteen short and "sporadic" business trips to New York over a period of eighteen months); *Zibiz Corp. v. FCN Tech. Sols.*, 777 F. Supp. 2d 408, 417-20 (E.D.N.Y. 2011) (finding that a website that only passively provides information accessible to any person browsing the internet and insubstantial sales is insufficient to demonstrate personal jurisdiction in New York).

In the present case, there are not even the "occasional," "sporadic," or "insubstantial" contacts, that were found, in any event, not to confer personal jurisdiction. Accordingly, there is no basis, either alleged in the Complaint or in fact, to subject the Defendant to personal jurisdiction in New York under CPLR § 302(a)(1).

ii.     **Defendant is Not Subject to Personal Jurisdiction Under NY CPLR § 302(a)(3) – Tort Outside New York Causing Injury Inside New York**

NY CPLR § 302(a)(3) confers personal jurisdiction over a non-domiciliary if it:

> commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

"Under § 302(a)(3), each element is essential, and if plaintiff[] fail[s] to proffer sufficient evidence for any element, it is dispositive of the issue of personal jurisdiction under this provision." *Ziegler, Ziegler & Assocs. LLP v. China Dig. Media Corp.*, 2010 U.S. Dist. LEXIS 84506, *17 (S.D.N.Y. July 12, 2010) (citations omitted).

First, Plaintiff's conclusory allegations that it suffered injury, combined with Plaintiff's location in New York, are not sufficient establish in-state injury under NY CPLR § 302(a)(3). *See* ECF 1, ¶¶ 7, 9, 38, 53, 62, 65. "It is well settled that residence or domicile of the injured party within [New York] is not sufficient predicate for jurisdiction under section 302(a)(3)." *Troma*, 729 F.3d at 218; *see Plunket v. Estate of Conan Doyle*, No. 99 Civ. 11006(KMW), 2001 U.S. Dist. LEXIS 2001, at *9 (S.D.N.Y. Feb. 22, 2001) ("the mere fact that the plaintiff resides in New York and therefore ultimately experiences a financial loss there is not a sufficient basis for jurisdiction under § 302(a)(3)"); *Freeplay Music, LLC v. Nian Infosolutions Private Ltd.*, 2018 U.S. Dist. LEXIS 115659, at *25-26 (S.D.N.Y. July 10, 2018) (rejecting plaintiff's argument that lost income

-9-

in New York establishes injury in New York); *Adwar Casting Co. v. Star Gems, Inc.*, 342 F. Supp. 3d 297, 302-03 (E.D.N.Y. 2018) (same).

Second, the site of injury in copyright and trademark infringement claims is the location where the work is published or copied. *See, e.g.*, *Verragio, Ltd. v. Malakan Diamond Co.*, 2016 U.S. Dist. LEXIS 150689, *13 (S.D.N.Y. Oct. 20, 2016) (injury in copyright case occurs where infringement took place); *Freeplay Music, Inc.*, 2005 U.S. Dist. LEXIS 12397, at *23-25 (S.D.N.Y. June 22, 2005) (injury in copyright action occurs at location of unlawful reproduction and distribution); *Fashion TV LLC v. APT Satellite Co.*, 2018 U.S. Dist. LEXIS 153890, *10 (S.D.N.Y. Sep. 10, 2018) ("Although [t]rademark infringement is a tort for jurisdictional purposes, Plaintiff's mere presence in New York is not sufficient for a finding of the requisite economic harm . . . within the state"); *Gap, Inc. v. Stone Int'l Trading*, 1994 U.S. Dist. LEXIS 16999, *20 (S.D.N.Y. Nov. 30, 1994) ("the situs of the injury [in a trademark case] is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff").

Here, Plaintiff claims that Defendant allegedly "copied and published Crystalia's copyrighted photographs and website content on its own commercial website" and "used a confusingly similar business name"… "in its advertising and promotional materials[.]" ECF 1, ¶¶ 3, 20, 25. However, Courts in the Second Circuit emphasize that merely maintaining a website accessible in New York does not establish personal jurisdiction unless the defendant specifically targets New York residents or engages in commercial activity within the state. In *Jewell v. Music Lifeboat*, this Court held that even an interactive website (which is not present, and is not even alleged to be present, in this case) is insufficient for jurisdiction unless the defendant purposefully directed activity into New York, such as making sales to New York residents. *Jewell v. Music*

-10-

*Lifeboat*, 254 F. Supp. 3d 410, 420 (E.D.N.Y. 2017). Similarly, in *Shelbourne Glob. Sols., LLC v. Gutnicki LLP*, this Court dismissed the complaint because the defendant's website did not specifically target New York clients or demonstrate purposeful availment of New York's market. *Shelbourne Glob. Sols., LLC v. Gutnicki LLP,* 658 F. Supp. 3d 104, 118 (E.D.N.Y. 2023).

Ultimately, Plaintiff's Complaint is devoid of any factual allegations that plausibly establish, if proven, that ACG "used [its] website or other promotional materials to interact with or solicit New York clients[.]" *Shelbourne Glob. Sols., LLC*, 658 F. Supp. 3d at 118. Plaintiff's naked characterization that ACG's website "solicit[s] business throughout the United States, including New York[,]" ECF 1, ¶ 22, "does not suffice to establish purposeful availment of the privilege of doing business in New York." *Id*.; *see* Martinez Decl. ¶ 10 ("ACG has not specifically targeted New York or New York residents in advertising or marketing for any service or product…").

Finally, even if Plaintiff had sufficiently alleged that Defendant committed a tort outside New York that resulted in injury within New York, Plaintiff still would not have met its burden under NY CPLR § 302(a)(3), which also requires Plaintiff to show that Defendant "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state," or "(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Plaintiffs must satisfy one of these provisions in order to demonstrate that Defendant has some "'purposeful affiliation' with the forum State.'" *Stewart*, 2000 U.S. Dist. LEXIS 14236, *7-8 (citing *Murdock v. Arenson Int'l USA, Inc.*, 157 A.D.2d 110, 113 (N.Y. App. Div. 1990) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Plaintiff has

not alleged, and cannot plausibly allege, facts sufficient to satisfy either statutory prong, and therefore cannot establish the requisite "purposeful affiliation" with New York.

For the foregoing reasons, personal jurisdiction under CPLR § 302(a)(3) is unavailable as a matter of law.

**B. This Court's Exercise of Personal Jurisdiction Over Defendant Would Violate Due Process.**

Because NY CPLR §§ 302(a)(1) and (3) do not provide a basis for jurisdiction, there is no need to analyze whether exercise of jurisdiction comports with the requisites of due process under the Constitution. However, for completeness, Defendant addresses the due process requirement below.

If a *prima facie* showing of a statutory basis for jurisdiction has been made, the plaintiff must then "demonstrate that the exercise of jurisdiction comports with due process." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81-82 (2d Cir. 2018); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). The constitutional analysis under the Due Process Clause consists of two separate components: the "minimum contacts" inquiry and the "reasonableness" inquiry. *Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (citing *Chloe*, 616 F.3d at 164).

To satisfy the minimum contacts inquiry the Court "recogniz[es] two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021).

**i.    The "Minimum Contacts" Prong of the Due Process Analysis is Not Satisfied.**

That this Court lacks general jurisdiction over Defendant, a Florida corporation, is not meaningfully in question. "A court may assert general jurisdiction over foreign (sister-state or

foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them *essentially at home* in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, (2011) (emphasis added). In "the 'paradigm' case, an individual is subject to general jurisdiction in her place of domicile. . . . And the 'equivalent' forums for a corporation are its place of incorporation and principal place of business." *Ford Motor Co.*, 141 S. Ct. at 1024 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 119, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014)).

Here, Defendant's place of incorporation and principal place of business are both in Florida, not New York. Martinez Decl. ¶ 5. Defendant is not registered to do business in New York. *Id.* at ¶ 6. Defendant's only office is in Florida. *Id.* at ¶ 7. Defendant does not operate, conduct, engage in, or carry on any business or business venture in New York. *Id.* at ¶ 18. Defendant does not have an office or agency in New York, owns no real property in New York, has no employees in New York and has no mailing address or bank account in New York. *Id.* at ¶¶ 8, 11, 12, 14, 15. Defendant conducts no activities within the State of New York. *Id.* at ¶ 20.

Accordingly, there is no basis to subject the Defendant to general personal jurisdiction in a forum where it is neither incorporated nor resides.

This Court also lacks specific jurisdiction over Defendant. Specific jurisdiction exists only if there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). For specific jurisdiction to exist, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co.*, 141 S. Ct. at

1025 (cleaned up); *see also Walden v. Fiore*, 571 U.S. 277, 285, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014).

Here, Defendant must address what appears to be Plaintiff's overarching theory of personal jurisdiction – that personal jurisdiction is proper in New York merely because any alleged infringement purportedly occurred on Defendant's "website through which it offers goods and services to consumers located in this District[.]" *See* ECF 1, ¶ 7. This conclusory allegation identifies no specific customer, transaction, or contact in New York. Absent any particularized contacts, Plaintiff has not met its burden to allege facts sufficient for the Court to determine whether the exercise of personal jurisdiction is proper. *See, e.g.*, *Plunket*, No. 99 Civ. 11006(KMW), 2001 U.S. Dist. LEXIS 2001, at * 11 ("Because plaintiff has alleged no facts, beyond conclusory allegations, tending to show that defendants or their agents had contacts with New York or availed themselves of this forum, plaintiff has not met her due process burden.").

### ii.      The Reasonableness Prong of the Due Process Analysis is Not Satisfied.

The "reasonableness" inquiry examines "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice' - that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Licci*, 673 F.3d at 60 (quoting *Int'l Shoe*, 326 U.S. at 316). The Court considers: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Chloe*, 616 F.3d at 164-65 (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 113-14, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)).

-14-

Some of these factors are neutral, given that the case involves federal trademark and copyright law and nationwide intellectual property rights, and thus the interests and laws are similar in many forums. However, several factors weigh significantly against assertion of jurisdiction over Defendant.

First, as addressed above, ACG has no connection to New York independent of its website that is accessible in New York, as well as in every other place in the world that has access to the Internet. It is fundamentally unfair to drag Defendant into court in New York simply because it maintains a website that is accessible in New York when Defendant does not specifically target New York or New York residents in advertising or marketing for any service or product. Martinez Decl. ¶ 10.

Second, it is burdensome for Defendant, a Florida limited liability company, to defend itself in New York. Defendant has had to engage local counsel for the limited purpose of responding to this Complaint, and will suffer significant undue expense and time loss if required to litigate here.

Third, there clearly exists another forum to bring this action. Defendant is a Florida entity, and states that the Southern District of Florida is a more appropriate forum to bring this action, as it is where the Defendant resides and where its office and agents are located. Moreover, Plaintiff has expressly alleged that it maintains showrooms in Florida. ECF 1, ¶¶ 16, 22. By maintaining a physical presence in Florida, Plaintiff necessarily conducts business and maintains personnel there, making Florida an available and reasonable alternative forum for litigating this dispute. This factor further weighs against the exercise of personal jurisdiction in New York.

Defendant submits that under these circumstances, it would be unreasonable to require Defendant to defend itself in a New York court.

## VI.     CONCLUSION

The Complaint's conclusory statements concerning personal jurisdiction are insufficient as a matter of law and personal jurisdiction over Defendant has not been properly alleged, let alone established, in this Court. Because Plaintiff has not alleged, and cannot plausibly allege, any facts showing any contact whatsoever by Defendant with the State of New York, personal jurisdiction is not proper pursuant to either New York's long arm statute or the Due Process clause of the Fourteenth Amendment. Therefore, this Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Dated: January 26, 2026                    Respectfully submitted,

**COWAN LEIBOWITZ & LATMAN, P.C.**

By: _____
Kieran Doyle (kgd@cll.com)
Dasha Chestukhin (dxc@cll.com)
114 West 47th Street
New York, NY 10036
Tel: (212) 790-9200
Fax: (212) 575-0671

**LOTT & FISCHER, PL**

Ury Fischer (*Admitted pro hac vice*)
ufischer@lottfischer.com
Ariel Weltz (*Admitted pro hac vice*)
aweltz@lottfischer.com
LOTT & FISCHER, PL
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Tel: (305) 448-7089
Fax: (305) 446-6191

*Attorneys For Defendant ACG Glass & Metals LLC*